UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARNELL KENO,

    Applicant,

v.                                  CASE NO. 8:17-cv-515-T-23JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Keno's paper entitled "Motion for/to Correct Illegal Sentence, by Manifest Injustice and by Conflict Judge" (Doc. 1) is construed as an application under 28 U.S.C. § 2254 for the writ of habeas corpus.[*] Keno is imprisoned for life as a prison releasee re-offender under a state court judgment for armed robbery with a deadly weapon. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ." Keno is barred from pursuing this "second or successive" application.

---

[*] If construed as a civil rights complaint, Keno's paper warrants dismissal because the district court lacks jurisdiction to review the challenged state court ruling. *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir.) ("It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."), *cert. denied*, 523 U.S. 1041 (1998); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("A federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Keno's earlier challenge to this same conviction in 8:03-cv-1230-T-23MSS was rejected on the merits. Keno cannot pursue a "second or successive" application without permission from the Eleventh Circuit Court of Appeals because 28 U.S.C. § 2244(b)(3)(A) proscribes that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). Keno ignores his earlier application. Until he obtains authorization for a "second or successive" application, the district court lacks jurisdiction to review the application. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Keno is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has

made a substantial showing of the denial of a constitutional right." To merit a COA, Keno must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly a "second or successive" application, Keno is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Keno must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 20, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE